UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BUTTON JEWELRY BY VAL COLBERT, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CHANEL, INC. <br><br> Defendant. | Civil Action File No. <br><br> COMPLAINT FOR DECLARATORY JUDGMENT <br><br> <u>DEMAND FOR JURY TRIAL</u> |

<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff Button Jewelry by Val Colbert, LLC, ("BJVC") files this Complaint for Declaratory Judgment ("Complaint") against Chanel, Inc. ("Chanel"). BJVC seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring Chanel's CHANEL trademarks to be not infringed.

<u>PARTIES</u>

1. Plaintiff BJVC is a Georgia corporation with its principal place of business at 145 15th St., NE, Suite 406, Atlanta, Georgia, 30309.

2. Chanel, on information and belief, is a New York corporation with a principal place of business at 9 West 57th Street, 44th Floor, New York, N.Y. 10019-2790. Chanel is a subsidiary of Chanel S.A., a privately held French corporation.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over BJVC's request for a declaratory judgment Under 28 U.S.C. §§ 2201 and 2202. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., which are within the subject matter jurisdiction of this Court Under 28 U.S.C. §§ 1331 and 1338(a).

4. The allegations made in Chanel's threat letter, described below and attached hereto as Exhibit A, give rise to an actual and justiciable controversy between BJVC and Chanel as to the alleged infringement of its CHANEL trademarks.

5. Chanel's infringement allegations threaten actual and imminent injury to BJVC that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

6. Absent a declaration of noninfringement, Chanel's continued wrongful assertions of Infringement related to the design, manufacture and sale of BJVC's products will cause BJVC harm.

7. Chanel is subject to general and specific personal jurisdiction in this judicial district based on Its continuous contacts with Georgia including the operation of at least three "stores" in major retailers' facilities in the Atlanta area and sending threat letters into this judicial district.

8.     Venue is proper in this Court under 28 U.S.C. § 1391 because virtually all of the events giving rise to the claims at issue occurred in this judicial district and because Chanel is subject to personal jurisdiction within this judicial district.

## FACTUAL BACKGROUND

9.     BJVC is a female owned jewelry design house that has been in operation in Atlanta, Georgia since 2006.  Previously named Peru To You, LLC and Button Jewelry, LLC, BJVC creates jewelry from antique and designer buttons, coins and semi-precious stones set in sterling silver or gold vermeil and finished with fresh water pearls or semi-precious stones.  The jewelry comprises bracelets, necklaces, pendants, charms, earrings, rings and cuff links.

10.    BJVC sells its jewelry directly to wholesale customers and also through Accessory Drawer, which is an independent, wholesale showroom located in the Atlanta Merchandise Mart.  Most recently, BJVC has begun to sell its antique button line on its own internet website.

11.    One line in BJVC's designer button collection re-purposes CHANEL buttons into the above-described jewelry items.  Such buttons are authentic, and the only alteration they experience is the removal of the shank on the back.

12.    Chanel originally wrote to BJVC or one of its predecessors in approximately 2008 complaining of the use of CHANEL buttons and alleging such

use infringed upon its trademark rights.  After a responsive denial of infringement by BJVC, Chanel took no further action.  Further, in 2012, Chanel authenticated the buttons used by BJVC to the Mexican Customs authorities but made no direct contact with BJVC.  BJVC has relied upon Chanel's non-action, its laches and its acquiescence after personal knowledge of BJVC's activities on at least these two occasions by continued extensive investment in its business.

13.  After several years of silence, on September 10, 2013, Chanel again wrote to BJVC alleging unauthorized use, counterfeiting and infringement of its CHANEL trademarks.  A virtually identical letter was sent by Chanel to Accessory Drawer.  On information and belief, immediately thereafter Chanel sent similar letters to at least two of BJVC's customers and directed several unauthorized seizures of BJVC goods from other customers.

14.  BJVC replied to Chanel's September 10, 2013 correspondence through the under-signed counsel denying any wrong doing and soliciting a meeting at which BJVC could further explain its business, its legal position and its defenses.  In response, Chanel's outside counsel, Fross, Zelnick, Lehrman & Zissu of New York, replied on October 28, 2013, purportedly rejecting BJVC's position and reiterating Chanel's claims.

15.  As a result, there is an actual controversy between the parties that is ripe for judicial determination.

## COUNT I

## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF ANY CHANEL TRADEMARKS

16. BJVC incorporates the foregoing paragraphs by reference as though set forth fully herein.

17. No Chanel trademark has been or is infringed by BJVC, Accessory Drawer or any purchaser of BJVC's products with CHANEL buttons.

18. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between BJVC and Chanel to warrant the issuance of a declaratory judgment that BJVC has not infringed and does not infringe the trademarks of Chanel.

## PRAYERS FOR RELIEF

WHEREFORE, BJVC prays for:

(a) A declaration that BJVC has not infringed and is not infringing any trademark of Chanel;

(b) An order that Chanel, its parent company and each of its officers, employees, agents, attorneys and any person in active concert or participation with them are restrained and enjoined from instituting any action against BJVC, Accessory Drawer or the purchasers of BJVC products claiming that such products infringe the CHANEL trademarks in any way;

(c) An award to BJVC of its costs and attorneys' fees, and

      (d)    Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY DEMAND

BJVC demands a trial by jury on all issues so triable.

Respectfully submitted, this 21st day of November, 2013.

        ROBBINS GELLER RUDMAN
          & DOWD LLP


        */s/ John C. Herman*
        JOHN C. HERMAN
          (Georgia Bar No. 348370)
        3424 Peachtree Road, NE, Suite 1650
        Atlanta, GA  30326
        404/504-6500 (telephone)
        404/504-6501 (fax)
        jherman@rgrdlaw.com

        Attorneys for Plaintiff
        Button Jewelry by Val Colbert, LLC

I:\JHerman\Val Colbert\Complaint.docx